## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN HONDA FINANCE CORP. AND HONDA LEASE TRUST,<br><br>   Plaintiffs,<br><br>v.<br><br>D& G TOWING AND AUTO REPAIR SERVICES, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 24-cv-12121<br>)<br>)<br>)<br>)<br>) |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, D & G Towing and Auto Repair Services, Inc. ("***D & G Towing***") hereby gives notice of the removal of this action, which is currently pending in the Massachusetts Trial Court, Boston Municipal Court Department (Central Division) in Suffolk County, captioned *American Honda Finance Corp. et al. v. D & G Towing and Auto Repair Services, Inc.*, Civil Action No. 2401CV001309EF ("***State Court Action***"), to the United States District Court for the District of Massachusetts.

D & G Towing submits that removal is appropriate because this Court has original jurisdiction over Plaintiffs' federal claim against D & G Towing under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1331, 1441(a).

## BACKGROUND

1.     On or around June 25, 2024, Plaintiffs initiated the State Court Action against D & G Towing by filing a complaint.

2.      On July 1, 2024, Plaintiffs filed an amended complaint against D & G Towing ("***Complaint***") in the State Court Action.  A copy of the Complaint is attached as <u>Exhibit A</u>.

3.      Plaintiffs' Complaint alleges that D & G Towing deprived Plaintiffs of their property rights in a motor vehicle that D & G Towing towed and stored at the request of the City of Boston Police Department.  Specifically, Plaintiffs claim that D & G Towing "charged storage fees without notice to Plaintiff[s] and without affording Plaintiff[s] the opportunity to redeem or protect [their] rights."  Complaint, ¶ 4.

4.      On July 18, 2024, Plaintiffs, via the Suffolk County Sheriff's Office, served D & G Towing with a copy of the Complaint and a summons.

**TIMELINESS OF REMOVAL**

5.      This Notice of Removal is timely because it is filed within 30 days from the date that D & G Towing received a copy of the Complaint.  *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

**FEDERAL QUESTION**

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the Complaint asserts a federal claim against D & G Towing for its alleged violation of 42 U.S.C. § 1983. *See* Complaint, Count V.

7.      The District Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same transactions or occurrences as the federal cause of action and, therefore, the state claims are "so related" to Plaintiffs' federal claim "that they form

DM1\15613399.1

part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

8.     Thus, removal is further appropriate because the Complaint is based on a claim arising under federal law.  *See* 28 U.S.C. §§ 1331, 1441(a).

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

9.     Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), D & G Towing is filing this Notice of Removal in the Federal District Court for the district within which the state court Complaint was filed.

10.     Pursuant to 28 U.S.C. § 1446(a), D & G Towing attaches all process, pleadings and orders that have been filed, served or received by D & G Towing in this action (except for the Complaint) as Exhibit B.

11.     D & G Towing will provide written notice of the filing of its Notice of Removal to Plaintiffs, and will file a copy of this Notice of Removal with the Clerk of the Boston Municipal Court Department (Central Division), as required by 28 U.S.C. § 1446(d).

12.     Within 28 days of filing this Notice of Removal, D & G Towing shall file with this Court certified copies of the docket sheet and all documents filed in the state court action, pursuant to L.R. 81.1(a).

13.     In removing this action, D & G Towing does not intend to waive any rights or defenses to which it is otherwise entitled to under the Federal Rules of Civil Procedure.

14.     Based upon the foregoing and the record submitted with this Notice, this Court has jurisdiction over this action, and the State Court Action should be removed to this Court.

**WHEREFORE**, D & G Towing respectfully requests that this action, currently pending in the Boston Municipal Court Department (Central Division), proceed in the United States District Court for the District of Massachusetts.

DATED:  August 16, 2024                    Respectfully Submitted,


                                           /s/ Michael T. Grant
                                           Michael T. Grant, BBO #677893
                                           Duane Morris LLP
                                           100 High Street, Suite 2400
                                           Boston, MA 02110-1724
                                           Telephone:  (857) 488-4218
                                           Fax:  (857) 488-4201
                                           MTGrant@duanemorris.com

DM1\15613399.1

## <u>CERTIFICATE OF SERVICE</u>

I, Michael T. Grant, hereby certify that a true copy of the foregoing document was served

upon the following by email this 16th day of August 2024:

    Kevin J. Kiely, Esq.
    KIELY & FERRANTE, LLC
    85 Eastern Avenue
    Gloucester, MA  01930
    Kevin@oldharborlaw.com


                      */s/ Michael T. Grant*

DM1\15613399.1