UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| AMERICAN HONDA FINANCE CORP. AND HONDA LEASE TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> D& G TOWING AND AUTO REPAIR SERVICES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 24-cv-12121-IT |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant D & G Towing and Auto Repair Services, Inc. ("***Defendant***"), for its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint [ECF 1-1] ("***Complaint***") states:

**PRELIMINARY STATEMENT**

By way of general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterization, implications or speculations that are contained in the averment or in the Complaint as a whole. This preliminary statement is incorporated, to the extent appropriate, into each numbered paragraph of the Answer.

## I. THE PARTIES

1. Denied because Defendant is without sufficient information or knowledge as to the allegations.

2. Admitted.

## II. INTRODUCTION

3. Denied because Defendant is without sufficient information or knowledge as to the allegations.

4. Denied.

5. Denied.

## III. FACTS COMMON TO ALL COUNTS

6. Denied because Defendant is without sufficient information or knowledge as to the allegations.

7. Denied because Defendant is without sufficient information or knowledge as to the allegations.

8. Defendant admits that it towed the Subject Vehicle from a public thoroughfare and stored it at the request of the City of Boston. Defendant denies the remaining allegations in this paragraph because Defendant is without sufficient information or knowledge as to those allegations.

9. Denied.

10. Denied because Defendant is without sufficient information or knowledge as to the allegations.

11. Denied because Defendant is without sufficient information or knowledge as to the allegations.

12. Denied.

## IV. CAUSES OF ACTION

### COUNT I – DECLARATORY RELIEF

13. Defendant incorporates its responses to paragraphs 1 through 12 in full here.

14. Defendant denies that Plaintiffs are entitled to any relief and deny the allegation

that Defendant failed to provide proper notice of the towing and storage charges.

15. Denied because Defendant is without sufficient information or knowledge as to the allegations.

16. Denied.

17. Denied.

18. Denied.

### COUNT II – CONVERSION

19. Defendant incorporates its responses to paragraphs 1 through 18 in full here.

20. Defendant denies the allegations in paragraph 20 including the allegations in subparagraphs (a) through (e).

21. Denied.

### COUNT III – M.G.L. c. 93A, §§ 2 & 11

22. Defendant incorporates its responses to paragraphs 1 through 21 in full here.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

### COUNT IV – REPLEVIN

27. Defendant incorporates its responses to paragraphs 1 through 26 in full here.

28. Denied as a legal conclusion; further denied because Defendant is without sufficient information or knowledge as to the allegations.

29. Denied because Defendant is without sufficient information or knowledge as to the allegations.

## COUNT V – 42 U.S.C. § 1983

30. Defendant incorporates its responses to paragraphs 1 through 29 in full here.

31. Denied as a legal conclusion; further denied because Defendant is without sufficient information or knowledge as to the allegations.

32. Denied.

33. Denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

*First Affirmative Defense.* Plaintiffs fail to state a claim against Defendant upon which relief may be granted.

*Second Affirmative Defense.* Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

*Third Affirmative Defense.* Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages or legally cognizable harm.

*Fourth Affirmative Defense.* Plaintiffs failed to take reasonable care or effort to avoid the damages they allegedly sustained, thus, they is not entitled to recover any damages.

*Fifth Affirmative Defense.* Plaintiffs failed to mitigate their damages, if any, and therefore any recovery awarded to Plaintiffs should be barred or reduced by such amount.

*Sixth Affirmative Defense.* Defendant denies any violation of any statute, and if one occurred, it was not willful or intentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonable adopted to avoid any such error.

*Seventh Affirmative Defense.* Plaintiffs' claims are barred, in whole or in part, as a result of their contributory and/or comparative negligence.

*Eighth Affirmative Defense.* Plaintiffs' claims are barred by the doctrine of unclean

hands.

***Ninth Affirmative Defense.*** Plaintiffs' claims are barred because the acts or omissions of Defendant, if any, were not the legal or proximate cause of any damage to Plaintiffs.

***Tenth Affirmative Defense.*** Any damages sustained by Plaintiffs are a result of Plaintiffs' own acts and/or omissions.

***Eleventh Affirmative Defense.*** Plaintiffs' claims are frivolous in nature, wholly insubstantial and not advanced in good faith and, accordingly, Defendant is entitled to recover its reasonable costs and attorney's fees incurred in defending this action.

***Twelfth Affirmative Defense.*** Plaintiffs' claims against Defendant are barred because Plaintiffs' injuries were caused by the intervening, superseding misconduct of persons or entities for whose conduct Defendant bears no responsibility.

***Thirteenth Affirmative Defense.*** Plaintiffs' claims against Defendant are barred because Plaintiffs' injuries were solely caused by acts or omissions of persons and entities for whose conduct Defendant bears no responsibility.

***Fourteenth Affirmative Defense.*** Defendant states that the Plaintiffs failed to comply with the requirements of M.G.L. c. 93A and are, therefore, barred from recovery under that statute.

***Fifteenth Affirmative Defense.*** Defendant reserves the right to amend this filing to assert any and all applicable affirmative defenses which discovery may reveal to be appropriate.

### DEMAND FOR RELIEF

WHEREFORE, Defendant demands judgment in its favor in an amount to be proven at trial with an award of costs, attorney's fees and such other relief as this Honorable Court may deem appropriate.

Dated: August 21, 2024

Respectfully submitted,

D&G TOWING AND AUTO REPAIR SERVICES, INC.,

By: /s/ Michael Thomas Grant
Michael Thomas Grant
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Phone: 857-488-4218
Email: MTGrant@duanemorris.com

## CERTIFICATE OF SERVICE

I, Michael Thomas Grant, hereby certify that on this date, a copy of foregoing was filed electronically through the ECF system. An email or paper copy will be sent to all non-appearing parties.

Dated: August 21, 2024  By:  /s/ Michael Thomas Grant

Michael Thomas Grant
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Phone: 857-488-4218
Email: MTGrant@duanemorris.com