**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

AMERICAN HONDA FINANCE CORPORATION; HONDA LEASE TRUST,

*Plaintiffs*,

v.

D & G TOWING AND AUTO REPAIR SERVICE, INC.,

*Defendant*.

Civ. No.: 1:24-cv-12121-MRG

**MEMORANDUM AND ORDER**

**GUZMAN, J.**

Plaintiffs American Honda Finance Corporation and Honda Lease Trust (together, "Honda") and Defendant D & G Towing and Auto Repair Service, Inc. ("D&G") have filed cross-motions for summary judgment. [ECF Nos. 32 & 35]. The material facts are undisputed. For the reasons set forth below, Honda's motion is **GRANTED IN PART** and **DENIED IN PART**, and D&G's cross motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL BACKGROUND

Honda Lease Trust is the titled owner and lienholder of a 2022 Honda CR-V leased to Shannon and Richard Bernier, who defaulted on their lease payments in February 2024. [Stipulated Statement of Material Facts ("SMF"), ECF No. 32-2 ¶¶ 1–7]. On February 25, 2024, Boston Police found the vehicle unregistered on a public roadway and directed D&G to tow and store it pursuant to M.G.L. c. 255, § 39A. [Id. ¶ 9].

D&G identified Honda as the vehicle's titleholder and, on February 29, 2024, mailed Honda a notice stating that the vehicle had been towed and impounded, identifying the accrued towing and storage charges, and stating that D&G would sell the vehicle if those charges were not paid. [Id. ¶¶ 10–12; Ex. 3]. The notice did not refer to any hearing, appeal, or other procedure for contesting the tow or the charges. [Ex. 3].

Honda thereafter communicated with D&G several times in March 2024 and internally approved $2,500 toward recovery of the vehicle, but did not tender payment or retrieve it.[1] [SMF ¶¶ 13–17]. On April 30, 2024, D&G sent Honda a second notice, again identifying accrued charges and again containing no reference to a hearing or other procedure for contesting the tow or charges. [Id. ¶ 18; Ex. 6]. D&G subsequently advertised the vehicle for sale. [SMF ¶ 19].

The vehicle remains in D&G's possession, and D&G has received no payment from any party. [Id. ¶¶ 20–22]. D&G handled the vehicle in accordance with its ordinary policies and practices for vehicles towed at the request of the City of Boston. [Id. ¶ 23]. The parties stipulate that the vehicle's value depreciated by $68.75 between the date of the tow and July 21, 2025. [Id. ¶¶ 24–25].

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Where, as here, the parties file cross-motions, the Court applies that standard separately to each motion, and

[1] Honda represents in its briefing that, after it internally approved $2,500, D&G increased the amount demanded and required payment in cash, and that this is what led Honda to escalate the matter rather than complete the transaction. [ECF No. 36 at 12 n.6]. That representation is not part of the parties' Stipulated Statement of Material Facts and the Court does not adopt it as fact. The Court notes it only to make clear that it has considered D&G's contention that Honda's own alleged inaction explains the delay, [see ECF No. 35 at 8], and finds that contention immaterial to the disposition below regardless of which party's account is correct. The adequacy of D&G's notice does not depend on the reasonableness of Honda's response to it.

cross-motions "do not alter the summary judgment standard, but instead simply require [the Court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Wells Real Est. Inv. Tr. II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010) (citation omitted). Because the material facts here are stipulated, the cross-motions present only questions of law.

## III. DISCUSSION

### *A. Procedural Due Process*

Honda brings a claim under 42 U.S.C. § 1983 based on D&G's retention of the vehicle and assertion of a possessory lien. To prevail, Honda must establish a protected property interest and a deprivation of that interest without constitutionally adequate process. American Honda Fin. Corp. v. City of Revere, 471 F. Supp. 3d 399, 405–06 (D. Mass. 2020).

#### *1. State Action and Property Interest*

D&G does not dispute, "for purposes of summary judgment only," that it was acting at the direction of the Boston Police Department when it towed and impounded the vehicle. [ECF No. 35 at 11 n.3]. The Court accepts that concession as sufficient to establish state action for purposes of the conduct challenged here and therefore does not decide whether towing companies are generally state actors under § 1983.

D&G's authority to retain the vehicle, assess towing and storage charges, and ultimately threaten its sale derives from the same statute, M.G.L. c. 255, § 39A, that authorized the tow. D&G identifies no independent, non-statutory basis for its subsequent possession or fee assessment. The Court therefore treats the challenged retention and lien as part of the same state-authorized conduct for purposes of the present claim.

Honda's perfected lien in the vehicle is an undisputed protected property interest. Revere, 471 F. Supp. 3d at 405–06.

### *2. Adequacy of Notice*

The due process issue presented here is narrow. Honda does not contend that it was entitled to a hearing *before* Boston Police caused the vehicle to be towed. Where a vehicle must be towed promptly for a public safety reason or registration violation, a post-deprivation opportunity to be heard may satisfy due process. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Breath v. Cronvich, 729 F.2d 1006, 1010 (5th Cir. 1984). The question instead is whether, after the tow, Honda received constitutionally adequate notice of the opportunity to challenge the deprivation and the charges asserted against its property. It did not.

The adequacy of notice is governed by the familiar rule that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties" of the action affecting their property and "afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). In Memphis Light, Gas & Water Division v. Craft, the Supreme Court applied that principle to a notice warning utility customers that their service would be terminated if they failed to pay. 436 U.S. 1 (1978). The notice informed the customers of the threatened deprivation but did not advise them of a procedure for disputing the underlying charges. Id. at 13. The Court held that the notice was constitutionally deficient because it did not advise the customers of "the availability of a procedure for protesting a proposed termination of utility service as unjustified." Id. at 14–15. Notice of a threatened deprivation is insufficient where it fails to inform the recipient of an available opportunity to present objections. Id. at 13–16.

***The Notices Did Not Identify a Procedure for Contesting the Charges.*** The same principle applies here. D&G's two notices informed Honda that the vehicle had been towed, identified the

charges, and threatened sale if the charges were not paid. [Exs. 3 & 6]. Neither notice, however, identified a hearing, appeal, or other procedure by which Honda could challenge the tow or the amount of the charges. [Id.] The notices therefore told Honda what had happened and what D&G intended to do, but not how Honda could challenge the deprivation. This mirrors the deficiency the Supreme Court identified in Memphis Light, where the utility's notice was "adequate to apprise" customers "of the threat of termination of service" but "not 'reasonably calculated' to inform them of the availability of" an opportunity to present their objections. 436 U.S. at 14. Any opportunity to invoke a dispute procedure there, "if it existed at all, depended on the vagaries of 'word of mouth referral.'" Id. at 14 n.14.

D&G's invitation to "contact us" with "questions or concerns" does not cure the defect. [Exs. 3 & 6]. Courts applying Memphis Light have distinguished a general invitation to contact the sender from notice of an actual procedure for contesting the deprivation. See, e.g., Town of Randolph v. Est. of White, 693 A.2d 694, 698 (1997); Wilson v. Health & Hosp. Corp., 620 F.2d 1201, 1215 (7th Cir. 1980).

***Revere* Does Not Control.** D&G argues its notices satisfy due process because, unlike in Revere, D&G notified Honda of the tow. [ECF No. 35 at 11, 13]. That argument misreads what Revere decided. There, the lienholder received no notice of the vehicle's seizure or impending sale. Revere, 471 F. Supp. 3d at 407. Judge Burroughs held that the absence of any notice or opportunity to be heard violated due process. Id. at 407–08. The court therefore had no occasion to decide whether a notice that disclosed the seizure and charges, but did not identify any procedure for challenging them, would satisfy the Constitution.

This case presents that narrower question. D&G's notices were sent to Honda and informed it of the tow, the accrued charges, and the potential sale of the vehicle. But the notices did not

identify any procedure by which Honda could contest the tow or the charges. Thus, unlike in Revere, Honda received notice of the deprivation. The question here is whether that notice was constitutionally adequate, and for the reasons already stated, it was not.

***The Boston Procedure Does Not Change the Result.*** The Supreme Court's decision in City of West Covina v. Perkins, 525 U.S. 234 (1999), provides additional guidance. There, the Court explained that due process does not invariably require notice of remedies established by "published, generally available state statutes and case law." Id. at 241. The Court distinguished Memphis Light because the procedures for challenging the deprivation there were not described in any publicly available document and could be "arcane and . . . not set forth in documents accessible to the public." Id. at 242.

Here, D&G's notices cited a single statutory basis for the tow: M.G.L. c. 255, § 39A. [Exs. 3, 6]. Section 39A establishes procedures for continued storage and eventual sale of a vehicle, including notice of storage charges and an opportunity to claim the vehicle before sale, but it does not identify any procedure for contesting the underlying deprivation or the charges imposed by the towing company. Because the only authority D&G's notices invoked contains no hearing mechanism, the notices were not "reasonably calculated" to apprise Honda of an existing opportunity to object, whatever process might otherwise exist elsewhere. Mullane, 339 U.S. at 314.

D&G separately argues, for the first time on reply, that Boston Traffic Rules & Regulations Art. IV-B, § 3(1)(b) independently provides such a procedure. The Court need not resolve whether that provision—never mentioned in either notice—would have supplied constitutionally adequate process had it been disclosed. A notice's citation to one hearing-less statute does not import the

hearing rights of a different, uncited one. The Court accordingly does not reach, and expresses no view on, whether Article IV-B would independently satisfy due process.

* * *

Honda is entitled to summary judgment on its procedural due process claim. The Court does not reach Honda's broader challenge to the constitutionality of M.G.L. c. 255, § 39A, including its arguments under the Massachusetts Declaration of Rights. Nor does the Court decide whether the statute's possessory-lien mechanism is otherwise valid. Those questions are unnecessary to the disposition of Count I.

***B. Fourth Amendment***

Honda separately contends that D&G's continued retention of the vehicle constitutes an unreasonable seizure. [ECF No. 32-1 at 18–21]. The First Circuit has held that "the government's retention of personal property after a lawful initial seizure" does not implicate the Fourth Amendment but instead "sounds in the Fifth Amendment." Denault v. Ahern, 857 F.3d 76, 84 (1st Cir. 2017). Although Honda raises broader challenges to the legality of the "Police Tow System," it does not dispute the lawfulness of the *initial* tow. [ECF No. 32-1 at 20]. Its Fourth Amendment claim fundamentally concerns only D&G's subsequent retention of the vehicle pending payment. Denault forecloses that claim. D&G therefore is entitled to summary judgment on the Fourth Amendment claim.

***C. Conversion***

Honda's conversion claim seeks the return of the vehicle and damages measured by the same depreciation figure addressed above. [Id. at 21–24]. Because those remedies are fully subsumed by the relief awarded under the § 1983 claims, the Court need not separately adjudicate the conversion claim. The conversion claim is therefore dismissed as duplicative.

***D. Chapter 93A***

Chapter 93A makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." M.G.L. c. 93A, § 2(a); see id. § 11 (business-to-business cause of action). Whether conduct is unfair or deceptive turns on "(1) whether the practice is at least within the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury" to the claimant. H1 Lincoln, Inc. v. S. Wash. St., LLC, 179 N.E.3d 545, 557 (Mass. 2022) (cleaned up). A shortfall in a legal obligation, standing alone, does not automatically establish unfairness under the statute. Something beyond the underlying legal deficiency—such as deception, bad faith, or an attempt to secure an unwarranted advantage—is generally required. See, e.g., Whitinsville Plaza, Inc. v. Kotseas, 390 N.E.2d 243, 251 (1979) (mere breach of a legal duty, without more, does not violate c. 93A); Mass. Emps. Ins. Exch. v. Propac-Mass, Inc., 648 N.E.2d 435, 438 (1995) (courts look to the nature, purpose, and effect of the challenged conduct).

Honda's Chapter 93A claim rests on the same alleged wrongful detention addressed above. Honda does not dispute the legitimacy or accuracy of D&G's towing and storage charges, nor does it identify any deception, bad faith, or unfair conduct independent of the due process defect the Court has already found. Its objection is largely that D&G did not provide an adequate procedure for contesting those charges. On this record, Honda has not established a separate, cognizable unfairness under Chapter 93A. D&G therefore is entitled to summary judgment on Count V.

***E. Relief***

The parties stipulate that the vehicle depreciated by $68.75 between the date of the tow and July 21, 2025. [SMF ¶¶ 24–25]. Honda is entitled to recover that stipulated amount, plus interest

from February 25, 2024, as compensation for its actual injury. D&G shall return the vehicle to Honda within thirty (30) days of this Order. The Court enters declaratory relief limited to the parties and notices at issue here: D&G's February 29 and April 30, 2024 notices to Honda failed to satisfy procedural due process because they did not disclose any procedure by which Honda could contest the tow or the charges assessed against the vehicle.

## IV. CONCLUSION

For the foregoing reasons:

1. Honda's motion for summary judgment [ECF No. 32] is **GRANTED** as to the procedural due process claim (Count I) and **DENIED** as to the Fourth Amendment claim (Count I, in part) and the Chapter 93A claim (Count V).

2. D&G's cross-motion for summary judgment [ECF No. 35] is **DENIED** as to the procedural due process claim and **GRANTED** as to the Fourth Amendment claim and the Chapter 93A claim.

3. Count IV (conversion) is **DISMISSED AS DUPLICATIVE** in light of the relief ordered on Count I.

4. D&G shall return the vehicle to Honda within thirty (30) days of this Order.

5. Honda is awarded $68.75 in damages, plus interest from February 25, 2024.

6. The Court enters the declaratory relief set forth above.

**SO ORDERED.**

Dated: September 30, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge